# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JOSEPH TOLER,                                              PLAINTIFF,

VS.                                                        CIVIL ACTION NO. 4:07CV120-P-S

S.W. GAMING, LLC and PREMIER
CONSULTING SERVICES, LLC,                                  DEFENDANTS

VS.

WEPFER MARINE OF GREENVILLE, LLC,        THIRD-PARTY DEFENDANTS.

## ORDER

These matters come before the court upon S.W. Gaming, LLC's motion for summary judgment [65] and motion to strike [94]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

The court concludes that S.W. Gaming, LLC's motion for summary judgment should be denied. Whether or not ownership of the subject barge had already been technically transferred from S.W. Gaming, LLC to Premier Consulting Services, LLC at 2130 hours on April 3, 2007 – almost two-and-a-half hours before Plaintiff Joseph Toler was allegedly injured by the holes S.W. Gaming, LLC had cut into the deck of the subject barge – is not dispositive of the question of whether S.W. Gaming, LLC can be held liable under general maritime law for negligent failure to warn of, or eliminate, the hazardous condition.

Plaintiff Toler avers that he seeks recovery from S.W. Gaming, LLC (as well as Premier Consulting Services, LLC) for negligent failure to warn of the hazardous condition on the barge and for the failure to eliminate the hazard pursuant to general maritime law, not 33 U.S.C. § 905(b) – and without regard to whether S.W. Gaming, LLC or Premier Consulting Services, LLC technically

1

owned the barge at the time in question.

"[T]he elements of a maritime negligence cause of action are essentially the same as land-based negligence under common law." *Withhart v. Otto Candies, LLC*, 431 F.3d 840, 842 (5th Cir. 2005). In analyzing a maritime tort case, the court is to rely on general principles of negligence law. Essentially, "[t]he plaintiff is owed a duty of ordinary care. A defendant's failure to warn the plaintiff does not breach that duty, however, unless the resultant harm is reasonably foreseeable. Liability for a failure to warn thus arises from foreseeability, or the knowledge that particular conduct will create danger." *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980). A determination of the reasonableness of the failure to warn "requires an examination of all the circumstances surrounding the injury." *Id*.

Accordingly, the court concludes that there are genuine issues of material fact as to whether it was reasonably foreseeable by S.W. Gaming, Inc. that harm to a third-party might result from the holes it cut in the subject barge's deck, whether S.W. Gaming, Inc. breached the duty of ordinary care to a third-party – here, Plaintiff Joseph Toler -- and whether that breach of duty, if any, proximately caused the plaintiff's injuries resulting in damages.

As indicated above, the court does not find it relevant to the plaintiff's negligence claim against S.W. Gaming, LLC whether it was the technical owner at the time of the plaintiff's alleged injury. The issue is, without regard to ownership, whether harm to a third-party who boarded the subject barge was reasonably foreseeable by S.W. Gaming, LLC. This proposition is supported by the general maritime law, including that discussed in *Daigle v. Point Landing, Inc.*, *supra*. The court also finds persuasive the decision in *Smith v. Mitlof*, 198 F.Supp.2d 492 (S.D.N.Y. 2002) which concluded *inter alia* that § 388 of the Restatement (Second) of Torts and Comments (c) and (d)

thereto applied to allow liability for a negligent failure to repair and maintain a vessel even though the original owner had sold the subject vessel. The court in *Smith* concluded that if it were found that the former owner knew or had reason to know that the vessel had been negligently maintained and that the buyer would not discover these defects, "the former owner could be found liable to prospective passengers under § 388 for failure to warn of the dangerous conditions." *Smith*, 198 F.Supp.2d at 503.

S.W. Gaming, LLC has also filed a motion to strike certain deposition testimony cited in Premier Consulting Services, LLC's response in opposition to S.W. Gaming, LLC's motion for summary judgment. S.W. Gaming, LLC argues that such testimony constitutes inadmissible parol evidence because it is outside the scope of the subject Bill of Sale. Having concluded that the issue of ownership is irrelevant to the plaintiff's negligence claim against S.W. Gaming, LLC, the court concludes that the motion to strike should be denied as moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that S.W. Gaming, LLC's motion for summary judgment [65] and motion to strike [94] are **DENIED**.

**SO ORDERED** this the 21st day of January, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE